Per Curiam.

The question reserved is, whether Montgomery, the president of the bank to which the note was given, had authority, by virtue of his office, or by the vote of the directors for that purpose, to transfer the same by his endorsement. And we have no doubt upon the question.
The act of incorporation gives the general management of the property and concerns of the bank to the directors; and they have, by their vote, authorized the president to endorse this note. This power in the directors may be essential to the interests of the bank; and is certainly not more hazardous than the power, which they have from necessity, to hand over any note lodged for discount, with the blank endorsement of the promisee upon it.
Mischief may be done. But it is incident to corporations of this sort; and the proprietors of stock must guard against it in the choice of the directors.
* To require an assignment under seal, or a vote of the [ * 97 ] company, every time it might be necessary to transfer securities in the bank, would be to burden this class of institutions with very inconvenient and unnecessary regulations, (a)

Judgment on the verdict.

 Rex vs. Briggs, 3 P. W. 419. — Bailey, Bills, 5th ed. 38. — Northampton Bank vs. Pepoon, post, 288. — Bank of Columbia vs. Patterson, Admr. 7 Cr. 305. — Fleckner vs The United States Bank, 8 Wheat. 357.— Randall vs. Van Vechten, 19 Johns. 65.— Baptist Church vs. Mulford, 3 Halst. 182. — Osborn vs. United States Bank, 9 Wheat. 738. — M'Mecken vs. Mayor, &c., of Baltimore, 2 Har. Johns. 41. — Perkins vs. Washington Ins. Co. 4 Cowen, 645. — Prop. Cam. Bridge vs. Gordon, 1 Pick. 297. — School Dis. Rumford vs. Wood, 13 Mass. Rep. 193.